**Yan Qing CAO, Petitioner,**

v.

**BOARD OF IMMIGRATION**

APPEALS,[1] Respondent.

Docket No. 04–6485–AG.

United States Court of Appeals,
Second Circuit.

Dec. 1, 2006.

Gary J. Yerman, New York, NY, for Petitioner.

Jim M. Greenlee, United States Attorney for the Northern District of Mississippi, Samuel D. Wright, Assistant United States Attorney, Oxford, MS, for Respondent.

Present: CHESTER J. STRAUB, BARRINGTON D. PARKER and PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Petitioner Yan Qing Cao, a native and citizen of the People's Republic of China, seeks review of a November 23, 2004 order of the BIA denying petitioner's motion to reopen her removal proceedings. *In re Yan Qing Cao*, No. A 74 854 953 (B.I.A. Nov. 23, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). In order to satisfy the requirements for her motion to reopen, Cao was required to offer previously unavailable material evidence and demonstrate *prima facie* eligibility for relief. *INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Along with her motion, Cao submitted the State Department's Country Reports on Human Rights Practices—2003 (China) and 2003 Consular Information Sheet. We find that the BIA did not exceed its discretion in determining that these materials did not substantiate a well-founded fear of future persecution, or any greater likelihood of harm, on account of Cao's two U.S.-born children.

Cao argues that the BIA erred in failing to consider the affidavit of John Aird because, although it had been published at the time of her removal proceedings, it was irrelevant to her previous claims for relief since she had only one child at that time. However, even if the agency were to consider the affidavit, we can confidently predict that the agency would reach the same determination on remand. *See Li*

1. The Clerk of Court is directed to conform the official caption to that set forth above.

*Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 107 (2d Cir.2006). We also find that, contrary to petitioner's arguments, nothing in the BIA's decision indicates that the BIA held Cao to an unreasonably high burden of proof.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.